IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CAROLYN S. WEBB and<br>GENE WEBB, | )<br>)<br>) | |
| Plaintiffs, | ) | Case No. 4:07-CV-0094-ODS |
| | ) | |
| vs. | )<br>) | |
| STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE CO., | )<br>)<br>) | |
| Defendant. | ) | |

ORDER AND OPINION DENYING PLAINTIFF'S MOTION TO REMAND

Pending is Plaintiffs' Motion to Remand. (Doc # 4.) For the following reasons, Plaintiffs' motion is denied.

I. BACKGROUND

On April 19, 2006, Carolyn Webb was involved in an automobile accident with Donald Hartley on U.S. Highway 50 at the intersection with Missouri Highway 58 in Johnson County, Missouri. At the time of the accident, Mr. Hartley did not have any motor vehicle liability insurance coverage, and Mrs. Webb had been issued insurance policies from State Farm Mutual Automobile Insurance Co. (State Farm) with uninsured motorist benefits.

On October 25, 2006, Plaintiffs filed an action in the Circuit Court of Johnson County, Missouri, alleging negligence by Mr. Hartley, loss of consortium, and claiming uninsured motorist benefits from State Farm. Both Mr. Hartley and State Farm were originally named as Defendants, but Mr. Hartley subsequently died and was dismissed from the suit. On February 2, 2007, Defendant filed a timely Notice of Removal to this Court, claiming federal jurisdiction based on diversity of citizenship.

On February 17, 2007, Plaintiffs filed a Motion to Remand, claiming that removal is improper because there is no diversity of citizenship between the parties. Plaintiffs argue that

State Farm is deemed to be a citizen of Missouri under the "direct action" proviso of 28 U.S.C. 1332, and therefore has the same citizenship as Plaintiffs.

II. DISCUSSION

Removal of a civil action is proper if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. 1441(a). Original jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states. . . ." 28 U.S.C. 1332(a)(1). Generally, a corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. . . ." 28 U.S.C. 1332(c)(1). However, "in any *direct action* against the insurer of a policy or contract of liability insurance . . . to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen. . . ." Id. (emphasis added).

The parties agree that the amount in controversy exceeds $75,000, but they disagree over whether diversity of citizenship exists. Plaintiffs, the insured, are citizens of the State of Missouri. Defendant, the insurer, is an Illinois corporation with its principal place of business in Illinois; however, if the "direct action" proviso of 28 U.S.C. 1332(c)(1) applies, Defendant is deemed a citizen of Missouri also. Thus, if the direct action proviso applies, Plaintiffs and Defendant are all considered citizens of Missouri, and removal is improper.

The direct action proviso may be applied only in cases involving a "direct action" within the meaning of 28 U.S.C. 1332(c)(1). The direct action proviso "was primarily intended to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant. Home Indem. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974) (citing S. Rep. No. 1308, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S.C.C.A.N. 2778, 2778-79). Several circuits have held that "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Beckham v. Safeco Ins. Co. of Am., 691 F.2d 898, 902 (9th Cir. 1982); *accord* Rosa v. Allstate Ins. Co., 981 F.2d 669, 675-76 (2d Cir. 1992); McGlinchey v. Hartford Accident &

Indem. Co., 866 F.2d 651, 653 (3d Cir. 1989); Tuck v. United Services Auto. Assoc., 859 F.2d 842, 847 (10th Cir. 1988); Fortson v. St. Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1159 (11th Cir. 1985). Essentially, the direct action proviso "is applicable when the insurer stands in the shoes of its legally responsible insured, . . . [but] the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer . . . by the insured for failure to pay policy benefits. . . ." Rosa, 981 F.2d at 675.

Under Missouri law, an insured may sue to recover under his Uninsured Motorist Policy by suing his insurer directly, rather than first obtaining judgment against the uninsured motorist. Hill v. Seabord Fire & Marine Ins. Co., 374 S.W.2d 606, 611 (Mo. App. 1963). In this manner, Plaintiff-insured has in fact sued the insurance company directly, rather than the uninsured motorist, who is now deceased. But such an action does not constitute a "direct action" within the meaning of 28 U.S.C. 1332(c)(1). In this case, it is true that "the insured is not joined as a party-defendant," but that is because the insured is a party-plaintiff. Here, the insurer is not standing in the shoes of its insured as a defendant; rather, the insured is suing the insurer for failure to pay policy benefits. Thus, the action in this case does not fall within the direct action proviso, and Defendant is not deemed to be a citizen of Missouri. Removal was therefore proper because complete diversity of citizenship exists between Plaintiffs and Defendant.

III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied.

 /s/ *Ortrie D. Smith*
 ORTRIE D. SMITH, JUDGE
DATE: March 29, 2007  UNITED STATES DISTRICT COURT